UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MOTAZ EL KELANI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CENTRAL MAINE HEALTHCARE | ) |
| CORPORATION | ) |
| | ) |
| and | ) |
| | ) |
| CENTRAL MAINE MEDICAL CENTER, | ) |
| | ) |
| and | ) |
| | ) |
| CENTRAL MAINE CLINICAL ASSOCIATES | ) |
| CORPORATION, | ) |
| | ) |
| Defendants | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff, Motaz El Kelani, hereby complains against Defendants, Central Maine Healthcare Corporation, Central Maine Medical Center, and Central Maine Clinical Associates Corporation, as follows:

**PRELIMINARY MATTERS**

1) This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"); the Civil Rights Act of 1991, 42 U.S.C. § 1981a; 42 U.S.C. § 1981 ("§ 1981"); the Maine Human Rights Act ("MHRA"), 5 M.R.S. §§ 4551 et seq.; and the Maine Whistleblowers' Protection Act, 26 M.R.S. §§ 831 et seq. ("WPA").

1

2) Plaintiff Motaz El Kelani is a citizen of the United States who resides in the State of Texas.

3) Defendant Central Maine Healthcare Corporation (hereinafter "CMHC") is a Maine corporation with a principal place of business in Lewiston, Androscoggin County, State of Maine.

4) Defendant Central Maine Medical Center (hereinafter "CMMC") is a Maine corporation with a principal place of business in Lewiston, Androscoggin County, State of Maine.

5) Defendant Central Maine Clinical Associates Corporation (hereinafter "CMCAC") is a Maine corporation with a principal place of business in Lewiston, Androscoggin County, State of Maine.

6) At all material times, Central Maine Internal Medicine ("CMIM") was an assumed name of CMCAC.

7) At all material times, CMHC owned and operated CMMC, and CMCAC.

8) At all material times, CMHC, CMMC, and CMAC (hereinafter collectively "CMH") were an integrated enterprise based on an interrelation of operations, common management, centralized control of labor relations, and common ownership.

9) This action properly lies in the District of Maine under 28 U.S.C. § 1391(b) because the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

10) This action is properly filed and shall be tried in Portland because the events or omissions giving rise to the claims asserted herein occurred in Androscoggin County, State of Maine.

11) This court has proper subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

12) This court has proper supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

13) On February 10, 2021, Plaintiff filed a charge of employment discrimination against Defendants with the Maine Human Rights Commission ("MHRC") and the Equal Employment Opportunity Commission ("EEOC").

14) On November 16, 2022, the MHRC issued Plaintiff a right-to-sue letter pursuant to the MHRA.

15) On November 17, 2022, the EEOC issued a Dismissal and Notice of Rights letter pursuant to Title VII.

16) All preconditions precedent required to obtain the full relief available under Title VII and the MHRA have been performed or have occurred.

## STATEMENT OF FACTS

17) Plaintiff was employed by CMH as practice manager at CMIM from July 1, 2019, to May 20, 2020.

18) Plaintiff is male, Muslim, and Arab, Egyptian; and he has dark skin, black hair, and a black beard.

19) During Plaintiff's employment, his supervisor accused him of being intimidating toward two members of his staff, which was not true.

20) She made comments that it could be because Plaintiff was a man, was Arab, and his dark features and color.

21) She said she thought training would be helpful, but Plaintiff pointed out that the accusations were unjustified and he refused to accept training when the perception of him being intimidating was because he was a man and Arab.

22) On Thursday, April 16, 2020, Plaintiff asked his supervisor for a religious accommodation of being allowed to work remotely for the month of Ramadan, and, if that were not allowed, to use his accrued paid time off.

23) On Monday, April 20, 2020, Plaintiff's supervisor informed him that he was being placed on involuntary, unpaid furlough.

24) On May 20, 2020, Plaintiff was told that his position was being eliminated.

25) On or about June 12, 2020, Plaintiff applied for an open position as practice manager with Central Maine Pulmonology, a CMH practice.

26) Plaintiff was not hired for the position.

27) Plaintiff was denied a reasonable accommodation for his religion, placed on furlough, terminated, and denied a transfer/rehire because of his race, color, sex, religion, national origin/ancestry, retaliation for opposing unlawful discrimination, and retaliation for engaging in WPA-protected activity.

28) Defendants acted intentionally and with malice or with reckless disregard for Plaintiff's rights under state and federal law.

29) As a result of Defendants' unlawful discrimination in employment, Plaintiff has suffered lost wages, lost benefits, loss of enjoyment of life, loss of self-esteem, injury to reputation, injury to career, emotional distress, and other pecuniary and non-pecuniary losses.

30) Plaintiff has no plain, adequate, or complete remedy at law to fully redress the wrongs alleged, and he will continue to suffer irreparable injury from his treatment by Defendants unless they are enjoined by this court.

## COUNT I: TITLE VII

31) Plaintiff repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

32) Defendants violated Title VII.

## COUNT II: § 1981

33) Plaintiff repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

34) Defendants violated § 1981.

## COUNT III: MHRA

35) Plaintiff repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

36) Defendants violated the MHRA.

## DEMAND FOR JURY TRIAL

37) Plaintiff demands a trial by jury on all matters to which Plaintiff has a right to trial by jury.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that this Court grant the following relief:

(a)　Enter Judgment in his favor;

(b)　Declare the conduct engaged in by Defendants to be in violation of Plaintiff's rights;

(c) Enjoin Defendants, their agents, successors, employees, and those acting in concert with Defendants from continuing to violate the rights of the Plaintiff;

(d) Order Defendants to employ Plaintiff as if none of the discrimination had occurred or, in lieu of employment if such employment is determined to be impracticable, order front pay and benefits;

(e) Award Plaintiff back pay, lost employment benefits, other lost compensation, and interest on those amounts;

(f) Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

(g) Award Plaintiff an amount to offset the state and federal taxes he will be required to pay for compensatory damages and any increased taxes he will have to pay because he has received a lump sum for lost wages, employment benefits, or other lost compensation;

(h) Award Plaintiff nominal damages;

(i) Award Plaintiff punitive damages;

(j) Award Plaintiff attorney's fees, legal expenses, expert witness fees, and costs of suit;

(k) Award Plaintiff prejudgment interest; and

(l) Grant Plaintiff such other and further relief as may be just and proper.

Dated: February 13, 2023		/s/ John P. Gause
		_____
		John P. Gause, Esq., Bar No. 8192
		Eastern Maine Law, LLC, P.A.
		23 Water Street, Suite 202
		Bangor, ME 04401
		(207) 947-5100
		jgause@easternmainelaw.com

		ATTORNEY FOR PLAINTIFF